UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TERRENCE VILLANUEVA AND RAITZA DAVILA,

                        Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, DETECTIVE SAMUEL LALLAVE
SHIELD #3824, DETECTIVE CHRISTOPHER
CONNELLY SHEILD # 1539, JOHN DOES #1-5,

                        Defendants.

------------------------------------------------------------x

**COMPLAINT AND JURY DEMAND**

08 35

ECF CASE



## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a August 7, 2007, incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, assault, battery, false arrest, false imprisonment and malicious prosecution.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and

supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiffs are citizens of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

10. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12. Within 90 days of the events giving rise to this claim, plaintiffs filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. On August 7, 2007, plaintiff Villanueva was outside his home at 140 Moore St, Brooklyn, NY. Plaintiff was approached and detained by plainclothes officers without probable cause or reasonable suspicion. Once inside 140 Moore St., officers violently assaulted plaintiff by striking his head against a wall, slamming his face against the floor and pulling him down a flight of stairs while handcuffed. Plaintiff was transported to the precinct even though no contraband or other illegal substance was found. Plaintiff was then falsely arrested, unlawfully imprisoned, and maliciously prosecuted. The District Attorney's Office declined to prosecute plaintiff.

14. On August 7, 2007, plaintiff Davila was also inside 140 Moore St., Brooklyn NY when she was approached by police officers. The officers attacked her without cause. Plaintiff was maced in her eyes and her head was slammed against a wall causing injury to her face.

15. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

16. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

17. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

    a. Violation of their rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their

3

person;

b. Violation of their right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

c. Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d. Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e. Physical pain and suffering;

f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and

g. Loss of liberty.

## **FIRST CAUSE OF ACTION**
(42 USC § 1983)

18. The above paragraphs are here incorporated by reference.

19. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiffs under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

20. Plaintiffs have been damaged as a result of defendants' wrongful acts.

## **SECOND CAUSE OF ACTION**
(MUNICIPAL AND SUPERVISORY LIABILITY)

21. The above paragraphs are here incorporated by reference.

22. The City and Kelly are liable for the damages suffered by plaintiffs as a result of the

conduct of their employees, agents, and servants.

23. The City and Kelly knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

24. The aforesaid event was not an isolated incident. The City and Kelly have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid excessive use of force and how to recognize the appropriate prerequisites for an arrest. The City and Kelly are further aware, from the same sources, that NYPD officers routinely assault citizens without fear of reprisal. The City and Kelly fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper seizure practices and incredible testimony go uncorrected. Additionally, the City and Kelly have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City and Kelly are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City and Kelly have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiffs' civil rights, without fear of reprisal.

25. The City and Kelly have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

5

26. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City and Kelly to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiffs' rights here alleged.

27. Defendants the City and Kelly have damaged plaintiffs by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

28. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the City and Kelly.

## THIRD CAUSE OF ACTION
(ASSAULT)

29. The above paragraphs are here incorporated by reference.

30. Upon approaching, arresting, and striking plaintiffs, defendants made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and offensive touching.

31. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights, conspired to deprive them of such rights and are liable to plaintiffs under the New York State Constitution.

32. Plaintiffs were damaged by defendants' assault.

## FOURTH CAUSE OF ACTION
(BATTERY)

33. The above paragraphs are here incorporated by reference.

34. Defendants engaged in and subjected plaintiffs to immediate harmful and offensive touching and battered them.

35. Defendants used excessive and unnecessary force with plaintiffs.

36. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights, conspired to deprive them of such rights and are liable to plaintiffs under the New York State Constitution.

37. Plaintiffs were damaged by defendants' battery.

## FIFTH CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

38. The above paragraphs are here incorporated by reference.

39. Defendants subjected plaintiffs to false arrest, false imprisonment, and deprivation of liberty without probable cause.

40. Defendants intended to confine plaintiffs.

41. Plaintiffs were conscious of their confinement and did not consent to their confinement.

42. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under New York State common law and the New York State Constitution.

43. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs were damaged.

## SIXTH CAUSE OF ACTION AS TO PLAINTIFF VILLANUEVA
(MALICIOUS PROSECUTION)

44. The preceding paragraphs are here incorporated by reference.

45. Defendants, acting with malice, initiated a prosecution against plaintiff Villanueva and caused him to be prosecuted.

46. The prosecuting agency declined to file charges against plaintiff.

47. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under New York State

common law and the New York State Constitution.

48. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

## **SEVENTH CAUSE OF ACTION**
(CONSTITUTIONAL TORT)

49. All preceding paragraphs are here incorporated by reference.

50. Defendants, acting under color of law, violated plaintiffs' rights pursuant to §§6 and 12 of the New York State Constitution.

51. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

## **EIGHTH CAUSE OF ACTION**
(RESPONDEAT SUPERIOR)

52. The preceding paragraphs are here incorporated by reference.

53. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

54. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiffs were damaged.

## **NINTH CAUSE OF ACTION AS TO PLAINTIFF VILLANUEVA**
(NEGLIGENCE)

57. All preceding paragraphs are here incorporated by reference.

58. Defendants owed a duty of reasonable care to plaintiff. Defendants breached that duty of care by unreasonably tugging on plaintiff's ankle while he was handcuffed on the floor near a stairwell. The unreasonable use of force created a foreseeable danger to plaintiff, causing him

injuries.

59. As a result of such negligence, plaintiff was damaged.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: Brooklyn, New York
September 2, 2008

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Police Commissioner Raymond W. Kelly
1 Police Plaza
Room 1406
New York, NY 10006

Detective Samuel Lallave #3824
Brooklyn North Narcotics
1 Police Plaza Rm 1100
New York, NY 10006

Detective Christopher Connelly #1539
Brooklyn North Narcotics Rm 1100
1 Police Plaza
New York, NY 10006

Yours, etc.,

Stoll, Glickman & Bellina, LLP
By: NICOLE BELLINA, ESQ.
Bar #NB7154
Attorney for Plaintiffs
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491
nicole_bellina@yahoo.com